IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| E.G., by his next friend, Vania Gonzalez, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| BARRY BOND, et al., ) ) | |
| Defendants. ) | Civil Action No. 1:16-CV-068-C |

## **ORDER**

Before the Court are two Reports and Recommendations from the United States Magistrate Judge on the Defendants' pending 12(b)(6) motions to dismiss.

Defendant Barry Bond filed his Amended 12(b)(6) Motion to Dismiss on May 31, 2016, and the United States Magistrate Judge entered a Report and Recommendation on that motion on August 31, 2016. The Magistrate Judge recommended that the motion should be (1) found moot to the extent that it seeks dismissal of claims asserted under 42 U.S.C. § 1983 but (2) granted as to the state-law claims asserted against Defendant Bond. Plaintiffs filed objections to that Report and Recommendation on September 14, 2016.

Defendant Abilene Independent School District (Abilene ISD) filed its Motion to Dismiss on June 28, 2016, and Defendant City of Abilene (the City) filed its 12(b)(6) Motion to Dismiss on July 1, 2016. The United States Magistrate Judge entered a Report and Recommendation on those motions on September 9, 2016. The Magistrate Judge recommended that the motions should be (1) granted with respect to Plaintiffs' civil conspiracy claims against both Defendants

and Plaintiffs' municipal liability claims based on a failure to train, supervise, or discipline against the City, (2) found moot to the extent that Abilene ISD seeks to dismiss any claims of failure to train, supervise, or discipline (because Plaintiffs do not assert such a claim against Abilene ISD), and (3) otherwise denied. Plaintiffs and Defendant City each filed objections to that Report and Recommendation on September 23, 2016.

## I. BACKGROUND

The Magistrate Judge presented a thorough factual background composed of facts that were either uncontested or viewed in a light most favorable to the Plaintiffs. The Court finds no error with the factual summary set out in each Report and Recommendation and will adopt the same for the purposes of this Order. To briefly summarize, this case involves four minors (T.P., E.G., N.M., and M.D.) enrolled in a public alternative school administered by Abilene ISD. Officer Barry Bond is a School Resource Officer employed by the City of Abilene Police Department and assigned to duty with Abilene ISD pursuant to a contract between the City and the school district. The Plaintiff-minors have brought this action against Defendants Bond, Abilene ISD, and the City, complaining of four incidents in which Bond allegedly used unreasonable physical force and restraint against them.

## II. STANDARD

The Court conducts a *de novo* review of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C). Portions of the report or proposed findings or recommendations that are not the subject of a timely objection will be accepted by the Court unless they are clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must accept all factual allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In reviewing a motion to dismiss under Rule 12(b)(6), a district court must generally examine only the complaint and any attachments to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). But a court may consider extrinsic documentary evidence if (1) the document is attached to a defendant's motion to dismiss, (2) the document is referred to in the plaintiff's complaint, and (3) the document is "central" to the plaintiff's claim. *Id.* at 498–99. To survive a 12(b)6 motion to dismiss, a complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it asserts facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This determination is context-specific and requires the court to draw upon its own experience and common sense. *Id.*

### III. DISCUSSION

#### A. Report and Recommendation No. 1 - Defendant Barry Bond

The Magistrate Judge correctly discerned that while Bond initially sought dismissal of the entire lawsuit against him, his briefing only argues for the dismissal of state-law claims pursuant to the Texas Tort Claims Act (TTCA). Tex. Civ. Prac. & Rem. Code § 101.106(f). The Magistrate Judge was also correct in his conclusion that the TTCA has no applicability to Plaintiffs' § 1983 claims, and Plaintiffs do not object to either of these conclusions. The Court

will therefore accept the recommendation that Bond's motion be denied as moot to the extent that it seeks dismissal of Plaintiffs' § 1983 claims.

Plaintiffs do object, however, to the Magistrate Judge's recommendation that their state-law claims against Bond be dismissed pursuant to Section 101.106(f). Under the TTCA, government-employee defendants are entitled to dismissal of state-law tort claims asserted against them when those claims (1) are "based on conduct within the general scope of [the defendant's] employment" with a governmental unit and (2) could have been brought against the governmental unit itself under the Act. Tex. Civ. Prac. & Rem. Code § 101.106(f). Plaintiffs contend that their tort claims "do not fall within the election of remedies categories created by the TTCA" because Officer Bond "was not acting within the scope of his employment when he committed the acts" that form the basis of Plaintiffs' claims. Pls.' Objs. to the R. & R. 2–3.[1] Specifically, Plaintiffs argue that Officer Bond was not acting within the scope of his employment because he was not intending to serve any purpose of his employer and was not performing tasks lawfully assigned to him. Plaintiffs raised this same argument to the Magistrate Judge, who rejected it and concluded that Officer Bond was, at all times relevant to this lawsuit, clearly acting within the scope of his official duties. The Court, having conducted a *de novo* review of this issue, is of the opinion that the Magistrate Judge was correct to rule that Officer Bond was acting within the scope of his employment.

"Scope of employment" is a term specifically defined by the TTCA as meaning "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by

---

[1] ECF No. 35.

4

competent authority." Tex. Civ. Prac. & Rem. Code § 101.101(5). In this case, Officer Bond's day-to-day responsibilities as a School Resource Officer (SRO) were outlined by a contract between the City and Abilene ISD known as the "School Resource Officer Agreement" (the Agreement). That Agreement provides a non-exclusive list[2] of job responsibilities for an SRO assigned to Abilene ISD, including (1) dealing with law enforcement matters on campus; (2) serving as a resource to students, faculty, and administrators; and (3) preventing potential disruptions that place students at risk of harm. Pls.' First Am. Compl., Ex. B ¶5.

Plaintiffs correctly point out that the Agreement clarifies that an SRO "should not be involved in ordinary school discipline" and that disciplining students is primarily the school district's responsibility. Pls.' First Am. Compl., Ex. B ¶5(G). However, the allegations in Plaintiffs' own complaint suggest that at least two of the incidents complained of by Plaintiffs were not matters of "ordinary school discipline." In the March 2014 incident, Officer Bond was called by an Abilene ISD teacher to escort T.P. from class to the Taylor County Juvenile Detention Center pursuant to a "pick up order" issued by T.P.'s probation officer. Then, in the May 2014 incident, Officer Bond was specifically *asked* to intervene with E.G. by a teacher's aide and E.G.'s own mother. As for the incidents involving N.M. and M.D. in February or March 2015, the Court agrees that the pleadings and evidence currently on record do not appear to show that N.M. and M.D. were acting unlawfully or doing anything particularly dangerous. But, contrary to Plaintiffs' arguments, that is not the correct focus here.

---

[2]"The SRO's duties will include, but not be limited to, the following[.]" Pls.' First Am. Compl., Ex. B ¶5.

5

The TTCA requires only that an official be involved in the business of discharging the duties *generally* assigned to him; it does not include a separate requirement that an official be acting lawfully, or even reasonably, in discharging those duties. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994); *Tipps v. McCraw*, 945 F. Supp. 2d 761, 767 (W.D. Tex. 2013). A police officer's actions can fall within the general scope of the duties of a law enforcement officer "[e]ven if conducted with improper motives or in an improper manner." *Tipps*, 945 F. Supp. 2d at 767; *see Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 752 (S.D. Tex. 2016). In this case, Officer Bond was on duty, on the school campus, and interacting with the students in his capacity as an SRO when he engaged in the actions complained of in Plaintiffs' First Amended Complaint. The Court is of the opinion that Officer Bond's actions were taken within the general scope of his duties, even if those actions may later be shown to have been excessive or improper under the circumstances.[3] *See Chambers*, 883 S.W.2d at 658; *Tipps*, 945 F. Supp. 2d at 767. Because Plaintiffs' tort claims against Officer Bond are common-law tort claims that could have been brought directly against the government, the Court holds that Officer Bond is entitled to the dismissal of those claims under the TTCA. Tex. Civ. Prac. & Rem. Code § 101.106(f); *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex.

---

[3] The *Kelemen* case relied upon by Plaintiffs is easily distinguishable. *See Kelemen v. Elliott*, 260 S.W.3d 518, 524 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In that case, the First District Court of Appeals held that a police officer was not acting within the scope of his employment when he grabbed a fellow officer by the arm and sexually assaulted her with a kiss while they were both on duty. Plaintiffs argue that Officer Bond's conduct here is analogous. But there is no context in which a sexual assault would *ever* be part of a police officer's duties (and the defendant in *Kelemen* did not even attempt to assert such an argument). *See id.* In contrast, the use of at least some physical force and restraint against students is generally within the scope of Officer Bond's duties as an SRO.

6

2014). Plaintiffs' objections are overruled, and the first Report and Recommendation will be adopted in its entirety.

**B. Report and Recommendation No. 2 - Defendants City of Abilene and Abilene ISD**

Having accepted the Report and Recommendation related to Officer Bond's motion to dismiss, the Court now turns to the second Report and Recommendation on the motions to dismiss filed by the City and Abilene ISD. The Magistrate Judge recommended that these motions should be (1) granted with respect to Plaintiffs' civil conspiracy claims against both Defendants and Plaintiffs' municipal liability claims based on a failure to train, supervise, or discipline against the City; (2) found moot to the extent that Abilene ISD seeks to dismiss any claims of failure to train, supervise, or discipline; and (3) otherwise denied. Each side has filed objections to this Report and Recommendation, and the Court will address each set of objections in turn.

**1. Plaintiffs' Objections**

Plaintiffs obviously do not object to those portions of the Magistrate Judge's report that recommend denial of the Defendants' motions to dismiss. Unsurprisingly, Plaintiffs do object to the recommendations that (1) the failure to train, discipline, or supervise claim against the City be dismissed and (2) the conspiracy claims against both Defendants be dismissed.

**a. Failure to Train, Discipline, or Supervise**

To maintain a § 1983 claim on a failure-to-train theory, a plaintiff must adequately plead (1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161,

7

170 (5th Cir. 2010). The same elements apply to claims based upon failure-to-supervise or failure-to-discipline theories. *Snow v. City of El Paso, Tex.*, 501 F. Supp. 2d 826, 833 n.5 (W.D. Tex. 2006); *see Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). The Magistrate Judge recommended granting the Defendants' motions to dismiss on this claim because he found that the Plaintiffs had not actually alleged "that the City was deliberately indifferent in adopting its training, supervising, or discipline procedures or programs" and had not identified any specific training policy or procedure of the City that was inadequate. R. & R. 22–23.[4] Plaintiffs object, arguing that they have sufficiently pleaded the elements of their claim and properly alleged that the City lacked adequate training programs to train SROs on the complexities of handling incidents with minor children.

The Court agrees with the Magistrate Judge's opinion that the law requires Plaintiffs to identify an actual policy of the City that led to Plaintiffs' injuries. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). Official policy "usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (internal quotations omitted). The only policy identified in Plaintiffs' First Amended Complaint is the School Resource Officer Agreement, which is not a training policy or procedure for training police officers; this policy is therefore not sufficient to support Plaintiffs' claim for failure to train, supervise, or discipline.

---

[4] ECF No. 34.

Plaintiffs allege that the Agreement "fails to provide adequate guidance or restrictions regarding use of force and/or restraints by SROs against schoolchildren" and runs afoul of various national standards and principles governing the use of force on minors. Pls.' First Am. Compl. 27–29. But the only references made to training specifically in Plaintiffs' First Amended Complaint are that (1) "[t]he SRO Agreement does not require any relevant training for SROs" and (2) "Officer Bond and other SROs, like all APD officers, received training in use of force, restraint, handcuffing, and arrest techniques designed for use on adults." Pls.' First Am. Compl. 29–30. Plaintiffs allege generally that the Defendants "knew of the risks . . . posed by inadequate training." Pls.' First Am. Compl. 34. But the Magistrate Judge correctly discerned that nothing in the Amended Complaint identifies any actual training policy (or supervision or discipline policy) or practice of the City of Abilene that was defective or that was adopted or continued with deliberate indifference. Plaintiffs need not detail the Abilene Police Department training manual in their pleadings, but they must at least make some allegation relating to an identifiable training, supervision, and discipline policy or customary practice of the City that was constitutionally defective; simply alleging that the City generally failed to train, supervise, and discipline its SROs is insufficient to plead a § 1983 claim that is plausible on its face. *See Bennett*, 728 F.2d at 767. Plaintiffs' objection on this point is overruled.

### b. Conspiracy

Section 1983 does not provide an independent cause of action for conspiracy. *Gonzalez v. Harlingen Consol. Indep. Sch. Dist.*, 96 F. Supp. 3d 653, 667 (S.D. Tex. 2015). "Instead, a § 1983 conspiracy claim serves as the legal mechanism through which to impose liability on each and all of the Defendants without regard to the person doing the particular act." *Id.* (quoting

*Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995)) (internal quotations omitted). To raise a claim for conspiracy under § 1983, Plaintiffs must allege (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds*, *Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992).[5] Simply conclusory allegations of conspiracy, without reference to material facts, are insufficient to state a conspiracy claim under § 1983. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). To demonstrate the plausibility of an alleged conspiracy sufficient to survive a motion to dismiss, a plaintiff must therefore make "specific factual contentions regarding the nature of the conspiracy or the participants' role in the same." *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 675 (5th Cir. June 8, 2015).

The Magistrate Judge recommended granting the motions to dismiss on this claim because Plaintiffs failed to plead any factual allegations that the Defendants made an agreement with the specific intent to violate constitutional rights. R. & R. 24–25[6]; *Hale*, 786 F.2d at 690. Plaintiffs object to that recommendation and argue that they have sufficiently pleaded the

---

[5] *Cinel v. Connick* states the elements as (1) an agreement between the private and public defendants to commit an illegal act and (2) an actual deprivation of constitutional rights. 15 F.3d 1338, 1343 (5th Cir. 1994). But that case involved allegations that state actors and private citizens conspired together during a criminal investigation and was thus concerned with the liability of the non-state actors under § 1983. *See, e.g., Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel* for the proposition that "a non-state actor may be liable under 1983 if the private citizen was a 'willful participant in joint activity with the State or its agents.'"). The present case involves no allegations of conduct by private citizens acting in concert with the State, and the Court is therefore of the opinion that *Pfannstiel* more accurately states the requisite elements.

[6] ECF No. 34.

existence of a conspiracy with enough allegations to show plausibility. Plaintiffs further assert that they are not required to plead specific intent under Fifth Circuit precedent.

Turning first to Plaintiffs' assertion that they are not required to show specific intent, the Court disagrees and finds this argument unpersuasive. The Magistrate Judge relied upon an unpublished opinion from this Court, which in turn relied upon a published Fifth Circuit opinion stating that the second element of a conspiracy claim requires the defendants to have acted "with specific intent to violate" a constitutional right. *Rogers v. Buchanan*, No. 3:12-CV-2458-M-BN, 2015 WL 3439145, at *6 (N.D. Tex. Mar. 27, 2015) (citing *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)), *accepted as modified on other grounds*, 2015 WL 3504518, at *1 (N.D. Tex. May 28, 2015). It is true that an unrelated portion of *Kerr* was later abrogated, but its rule requiring specific intent as an element of § 1983 conspiracy remains good law as far as this Court can discern. *See Castellano v. Fragozo*, 352 F.3d 939, 948–49 (abrogating *Kerr v. Lyford* with respect to malicious prosecution claims brought under § 1983 but not conspiracy claims). Furthermore, the Court notes that such a rule is consistent with the more widely cited holding of *Pfannstiel*; while that opinion does not use the words "specific intent" when laying out the elements of a conspiracy claim, it does state that the plaintiff must show a deprivation of civil rights committed "in furtherance of the conspiracy." *Pfannstiel*, 918 F.2d at 1187. It is logical that to commit a constitutional violation "in furtherance of [a] conspiracy," a defendant must have acted with specific intent towards that conspiracy. Therefore, the Court is of the opinion that the Magistrate Judge correctly held that specific intent to violate constitutional rights is a requisite element to a § 1983 conspiracy claim, and Plaintiffs' objection on this point should be overruled.

As for the pleadings themselves, the Court agrees with the Magistrate Judge that Plaintiffs' First Amended Complaint is insufficient to state a § 1983 conspiracy claim that is plausible on its face. Plaintiffs allege that the SRO Agreement between the City and Abilene ISD is a written agreement to commit illegal acts. But this is simply not true; nothing about the Agreement is facially unconstitutional and none of the conduct described within the Agreement is itself illegal activity. Even if Plaintiffs could show that the ultimate execution of the Agreement led to the violation of their constitutional rights, the Agreement alone is not sufficient evidence of a conspiracy to violate those rights. Plaintiffs further allege that they have pleaded specific facts showing that the City and Abilene ISD worked in concert to administer the SRO program and authorized Officer Bond to use excessive and unlawful force against Plaintiffs and that these facts are sufficient circumstantial evidence to demonstrate the existence of a conspiracy. The Court is not convinced that Plaintiffs have pleaded "specific factual contentions regarding the nature of the conspiracy or the participants' role in the same" sufficiently to state a plausible conspiracy claim and is of the opinion that Plaintiffs' conspiracy allegations as pleaded are merely conclusory. *Avdeef*, 616 F. App'x at 675; *Hale*, 786 F.2d at 690. The Court further agrees with the Magistrate Judge that the Plaintiffs have not made any allegations that the Defendants entered into an agreement with the specific intent to violate Plaintiffs' constitutional rights or acted to deprive Plaintiffs' rights in furtherance of a conspiracy. *Kerr*, 171 F.3d at 340; *Pfannstiel*, 918 F.2d at 1187. Plaintiffs' objections on this point should therefore be overruled.

### 2. Defendant's Objection

Defendant City of Abilene has also filed a written objection to the Report and Recommendation. The City objects only to the recommendation that the Plaintiffs' claims for

failure to train, discipline, and supervise be dismissed with leave to amend. The City prays that this Court instead dismiss those claims with prejudice and without leave to amend. The Magistrate Judge recommended that Plaintiffs' failure to train, supervise, and discipline claim be dismissed without prejudice and that Plaintiffs be given leave to amend this claim because the claim could likely survive a motion to dismiss if the Plaintiffs alleged an official policy or custom that the City failed to follow or implement. The Magistrate Judge further recommended that Plaintiffs' claims for conspiracy be dismissed with prejudice and without leave to amend because Plaintiffs had likely pleaded their best case with regard to those claims.

But, because this is the first 12(b)(6) dismissal of Plaintiffs' claims, the Court is of the opinion that the claims should be dismissed without prejudice and that Plaintiffs should be given an opportunity to re-plead their allegations with greater specificity (if they are able), consistent with Rule 15's mandate that leave to amend should be given freely. Defendant's objection is therefore overruled.

Having overruled all of the raised objections, the Court will adopt the second Report and Recommendation with the slight modification that Plaintiffs' conspiracy claims against Defendants City of Abilene and Abilene ISD be dismissed without prejudice.

## IV. CONCLUSION

It is, therefore, **ORDERED** that the several objections filed by the parties are all **OVERRULED** for the reasons stated above.

It is further **ORDERED** that the findings and conclusions in the Report and Recommendation dated August 31, 2016, are hereby **ADOPTED** as the findings and conclusions of the Court. Defendant Barry Bond's Amended 12(b)(6) Motion to Dismiss is **GRANTED in**

13

part and **DENIED in part**. Specifically, the motion is **DENIED as moot** to the extent that it seeks dismissal of claims asserted against Defendant Bond under 42 U.S.C. § 1983 and is **GRANTED** in all other respects. All state-law claims asserted against Defendant Bond are **DISMISSED with prejudice** pursuant to section 101.106(f) of the Texas Civil Practice and Remedies Code.

It is further **ORDERED** that the findings and conclusions in the Report and Recommendation dated September 9, 2016, are hereby **ADOPTED** as the findings and conclusions of the Court with one modification. Defendant Abilene Independent School District's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Specifically, the motion is **GRANTED** with respect to Plaintiffs' § 1983 conspiracy claim; **DENIED as moot** with respect to Plaintiffs' municipal liability claims based on a failure to train, supervise, and discipline; and **DENIED** in all other respects. Defendant City of Abilene's 12(b)(6) Motion to Dismiss is, likewise, **GRANTED in part** and **DENIED in part**. Specifically, the motion is **GRANTED** with respect to Plaintiffs' § 1983 conspiracy claim and Plaintiffs' municipal liability claims based on a failure to train, supervise, and discipline, and **DENIED** in all other respects.

The Court **MODIFIES** this Report and Recommendation only with regard to the recommendation that the conspiracy claims against each Defendant be dismissed with prejudice. Accordingly, Plaintiffs' conspiracy claims against Defendants Abilene ISD and City of Abilene and Plaintiffs' claims for failure to train, supervise, and discipline against Defendant City of Abilene are **DISMISSED without prejudice**. Consistent with the principle that leave to amend should generally be given freely, Plaintiffs shall be given fourteen (14) days to amend their

complaint and re-plead these claims with greater specificity, if they so desire. Fed. R. Civ. P. 15(a)(2).

This case is returned to the docket of the Honorable E. Scott Frost for further proceedings consistent with Amended Special Order No. 3-301. In the event that Plaintiffs should decline to amend their pleadings as provided in this Order, then Magistrate Judge Frost is directed to return this case for the limited purpose of entry of a Rule 54(b) judgment on the dismissed claims.

Dated this 13th day of January, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE